## Compulsory School Attendance for Amish Children After Eighth Grade

PACKEL, Attorney General, January 15, 1973.— You have inquired as to whether you must consider it unconstitutional, under the standards set forth in Wisconsin v. Yoder, — U. S. —, 92 S. Ct. 1526 (1972), for the Pennsylvania Department of Education to compel Amish children who have completed the eighth grade, to satisfy the statutory requirement of compulsory school attendance, Act of March 10, 1949, P. L. 30,

sec. 1326, 24 PS §13-1326, by attending either: (1) a public school, or (2) a private school, or (3) an Amish Operated School as provided for in the "Policy for Operation of Home and Farm Projects in Church Organized Day Schools" Commonwealth of Pennsylvania, Department of Public Instruction, January 15, 1956, Harrisburg, Pa.

I point out preliminarily that the final arbiter as to unconstitutionality of a statute is the judiciary. As Attorney General it is my duty to advise administrative and executive offices whether in the performance of their duties they should treat a statute as unconstitutional. If a governing decision or the nature of the statute makes it manifest that the statute is unconstitutional, it is my duty to indicate that the statute is to be disregarded. Absent clear unconstitutionality, it is your duty and my duty to give effect to a statute. Particularly appropriate to your present inquiry is the point that this office, unlike a court, normally cannot go into specific instances which, because of special circumstances, might make the application of a statute in that case unconstitutional.

On the basis of Wisconsin v. Yoder, Pennsylvania can compel Amish children to satisfy the statutory requirement of compulsory school attendance, since Pennsylvania provides an alternative to formal public and private schools in the form of the Amish Operated School, which, unlike formal private and public schools, does not impinge on the right of the Amish children to freely exercise their religion. The court, in Wisconsin v. Yoder, decided that a State cannot compel an Amish child to attend a formal public or private school after the child has completed the eighth grade, since to compel an Amish child to do so would gravely endanger the free exercise of his religious beliefs. However, the court went on to say that a State can "pro-

mulgate reasonable standards that, while not impairing the free exercise of religion, provide for continuing agricultural vocational education under parental and church guidance by the Old Order Amish or others similarily situated": 92 S. Ct. 1526, 1543 (1972). Furthermore, in footnotes 3 and 23 of the decision (S. Ct. 1526, 1530, 1543 (1972)), the court commented favorably on the Pennsylvania Amish Operated School program which suggests that this plan is constitutional and is to be recommended. Under the Amish Operated School Program, pupils who have completed the eighth grade are enrolled in an Amish Operated School where they satisfy the requirement of compulsory school attendance by taking instruction in English, mathematics, health, and social studies and by doing directed projects in agricultural and home-making on the farm or in the farm home.

I reiterate the point made earlier. It may well be that there are certain other circumstances where it might be contended that the application of the statute is unconstitutional. Since these circumstances are not presented for review in this opinion we must withhold comment on any action the Department of Education may take in compelling children of persons with certain closely held religious beliefs to attend sectarian private schools in which the instruction would offend such religious beliefs.

In light of the decision in Wisconsin v. Yoder, it is constitutional for Pennsylvania to compel Amish children, who have completed the eighth grade, to fulfill the statutory requirement of compulsory school attendance since Pennsylvania provides an alternative to formal public and private schools in the form of the Amish Operated School—a school which does not impinge on the right of the Amish children to freely exercise their religion.